UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ELLIS DOUGLAS,

                         Plaintiff,

   -against-                                         9:05-CV-1000
                                                                  (LEK/DRH)

JOSEPH T. SMITH, *et al.*,

                         Defendant.

## **ORDER**

Before the Court is a Motion in limine seeking dismissal of Plaintiff's claim related to the June 30, 2004 incident. See Motion in limine (Dkt. No. 63). The Motion was submitted pursuant to Magistrate Judge David R. Homer's April 22, 2008 Order, which stated that any such motions must be made by July 1, 2008. See Trial Ready Order (Dkt. No. 57).

A motion in limine is a tool by which to challenge the admissibility of evidence prior to trial based on the ground that its admission at trial, or any reference to the material in the presence of the jury, would be overly prejudicial. See, e.g., 75 Am. Jur. 2d Trial §§ 44, 50 (May 2008 Supp.); Wagschal v. Sea Ins. Co., Ltd., 861 F. Supp. 263 (S.D.N.Y. 1994); State v. Metz, 241 A.D.2d 192, 198, 671 N.Y.S.2d 79, 83 (N.Y. App. Div. 1998). It is appropriately used only for this relatively narrow purpose. A motion in limine is not properly used as a vehicle for a different motion, such as dismissal of an entire claim or complaint, which is what Defendants have explicitly attempted in the instant Motion.[1] See Motion in limine at 7 (Dkt. No. 63). Therefore, the Motion in limine must be

---

[1] Defendants state that they "seek a judgment dismissing that portion of the Complaint that deals with the June 30, 2004 excessive force claim . . . . Defendants seek dismissal of the entire Complaint, denying the relief sought by plaintiff, together with costs, and such other and further relief as the court deems just and proper." Id.

1

denied.

Nevertheless, the Court finds that the argument Defendants advance in the Motion in limine with respect to the effect of Heck v. Humphries, 512 U.S. 477 (1994), on Plaintiff's June 30, 2004 excessive force claim, is worthy of further consideration by the Court. See id. at 3-4. Therefore, although Defendants should have raised this issue at an earlier date, the Court is *sua sponte* providing Defendants one week from the issuance of this Order to assert this argument, if they so choose, in an appropriate motion. However, the Court advises Defendants that any motion they choose to file must be strictly limited to this issue. The other two specific arguments advanced in the present Motion, regarding the degree of force utilized and qualified immunity, respectively, were raised and decided in prior Orders of this Court. See Motion for Summ. J. (Dkt. No. 41); Report-Rec. (Dkt. No. 53); Order adopting Report-Rec. (Dkt. No. 54).

Accordingly, it is hereby

**ORDERED,** that the Motion in limine (Dkt. No. 63) is **DENIED**; and it is further

**ORDERED,** that the parties are granted an extension of one (1) week from the date this Order is issued to file pre-trial motions, if any; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:   July 01, 2008
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

2