**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ELLIS DOUGLAS,
      Plaintiff,
 v.              No. 05-CV-1000
                 (GTS/DRH)
JOSEPH T. SMITH, Superintendent,
Shawangunk Correctional Facility; J. RAE,
Sergeant; M. KETZER, Corr. Officer; R.
CROSS, Corr. Officer; G. KARASMANOS,
Corr. Officer; M. SUTTON, Corr. Officer;
McGUIRE, Corr. Officer; and R.N. SKIES,
Nurse,
      Defendants.

---

**APPEARANCES:**         **OF COUNSEL:**

GREGORY J. TERESI, ESQ.
Attorney for Plaintiff
97 Mohawk Street
Cohoes, New York 12047

HON. ANDREW M. CUOMO     MICHAEL F. McCARTIN, ESQ.
Attorney General for the       Assistant Attorney General
 State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

  Plaintiff Ellis Douglas ("Douglas"), an inmate in the custody of the New York State

Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. §

---

  [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1983 alleging that defendants, eight DOCS employees,[2] violated his constitutional rights under the First, Fourth, Eighth, and Fourteenth Amendments. Compl. (Docket No. 1). In an order signed February 14, 2008, defendants' motion for summary judgement was granted with respect to all claims except Douglas' Eighth Amendment excessive force claim against the eight remaining defendants. Docket No. 54. Presently pending is defendants' motion for summary judgment as to one defendant, J. Rae, pursuant to Fed. R. Civ. P. 56. Docket No. 68. Douglas has not opposed the motion. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

### A. Failure to Respond

Douglas did not oppose defendants' motion.[3] Under the rules of this district, "[t]he Court shall deem admitted any facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y.L.R. 7.1(A)(3) (emphasis omitted). Because Douglas has not responded to raise any question of material fact, the facts as set forth in defendants' Statement of Material Facts are accepted as true. See Docket No. 68-9) [hereinafter "Defs. Statement"]; see also Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18,

---

[2] A ninth defendant, R. Davies, was previously dismissed from the action. Docket Nos. 53, 54.

[3] Defendants' motion was filed on July 3, 2008. Docket No. 68. Within defendants' motion, notification was provided to Douglas that if he failed to respond, pursuant to Fed. R. Civ. P. 56(e), the Court may accept defendants' assertions as true unless contrary evidence was submitted. Docket No. 68-1 at 1-3. Douglas has filed no response.

2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

### B. Statement of Facts

The facts and procedural history of this case are set forth in the Report-Recommendation and Order filed January 22, 2008, familiarity with which is assumed. See Docket No. 53.

As relevant here, Douglas has asserted two excessive force claims. Defendant Rae was allegedly involved only in one of those claims. Defs. Statement ¶¶ 1-3. On June 30, 2004, on the way back to his cell, Douglas and defendants Rae, Ketzer, and Cross became involved in an altercation. Id. ¶ 3; Compl. ¶ 14, 17-18. Douglas claims that Rae "punched [him] in the face [and] as [he] turned to protect himself from the assault, Sgt. Rae threw a barrage of punches striking Douglas in the face area." Compl. ¶ 17.

As a result of the June 30 altercation, Douglas was charged criminally with assaulting a corrections officer, "pleaded guilty to the reduced charge of attempted assault . . . , and was sentenced as a second felony offender in accordance with the plea agreement to a prison term of 2 to 4 years, to be served consecutively to a sentence he was then serving." People v. Douglas, 831 N.Y.S.2d 585, 586 (3d Dep't 2007); see also Docket No. 68-4, 5, 6. Douglas attempted to appeal the guilty plea, but the appeal was ultimately denied because the court "f[ound] that [Douglas] entered a knowing, voluntary and intelligent plea of guilty . . . [and] his allocution sufficiently establishe[d] the essential elements of the crime." Id. at 586-87. This action followed.

## II.  Discussion

The remaining causes of action in Douglas' complaint allege two instances of excessive force in violation of the Eighth Amendment. Defendants move for summary judgment as to Rae contending that (1) Douglas' claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); (2) Douglas' claim is barred by collateral estoppel; and (3) Douglas' excessive force claim is meritless.

### A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary

judgment.  Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

### B. Favorable Termination Rule

The favorable termination rule of Heck provides that if a determination favorable to the plaintiff in a § 1983 action "would necessarily imply the invalidity of his conviction or sentence," a plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid in order to recover damages under § 1983.  Edwards. v. Balisok, 520 U.S. 641 (1997).  While the application of the favorable termination rule has been precluded in claims where the alleged "use of excessive force lacks the requisite relationship to the conviction," this case is patently different.  Jackson v. Suffolk County Homicide Bureau, 135 F.3d 254, 257 (2d Cir. 1998).

In this case, Douglas was convicted of attempted assault in the second degree, admitting that he intended to prevent Rae from performing his lawful duty by attempting to cause Rae physical injury.  See Douglas, 831 N.Y.S.2d at 586-87; Docket No. 68-6 at 10. Douglas' contentions here that Rae initiated the assault and that Douglas was merely attempting to protect himself directly contradict his conviction based on his allocution and plea and mandates the implication of the invalidity of that conviction and appeal.  See Dye v. Virts, No. 03-CV-6273, 2004 WL 2202638, at *4 (W.D.N.Y. Sept. 28, 2004) (barring a prisoner's federal claims regarding a correction officer's alleged assault pursuant to Heck because (1) the plaintiff had previously "ple[d] guilty to assault in the second degree . . . for causing physical injury to [the corrections officer] in order to prevent him from performing a lawful duty," (2) the conviction had been affirmed on appeal, and (3) if the prisoner was

5

merely defending himself, the corrections officer would not have been performing a lawful duty.). As in Dye, if Douglas' current version of the relevant facts were accepted, Rae would not have been performing a lawful duty and Douglas' plea would become invalid. Additionally, there is no evidence that Douglas' criminal conviction was ever otherwise vacated. Therefore, because his recovery of damages for excessive force would necessarily imply the invalidity of his criminal conviction, his claim here cannot stand.

Accordingly, defendants' motion as to Douglas' claim against Rae should be granted.

### C. Collateral Estoppel

Under the Full Faith and Credit Clause of the Constitution, federal courts must grant state court judgments the same preclusive effects as those given to other courts located within the state. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (citing Migra v. Warren City Sch. Dist., 465 U.S. 75, 81 (1984)). "[I]n New York, a guilty plea precludes relitigation in a subsequent civil action of all issues necessarily determined by the conviction [and t]hus, for collateral estoppel purposes, a guilty plea is equivalent to a conviction after trial." Marinaccio v. Boardman, No. 02-CV-831 (NPM), 2005 WL 928631, at *11 (N.D.N.Y. Apr. 19, 2005) (internal quotations and citations omitted). Collateral estoppel is applicable:

> [I]f (1) there has been a final determination on the merits of the issue sought to be precluded; (2) the party against whom . . . preclusion is sought has a full and fair opportunity to contest the decision. . .; and (3) the issue sought to be precluded by the earlier suit is the same issue involved in the later action.

Davis v. Halpern, 813 F.2d 37, 39 (2d Cir. 1987) (citation omitted). The requirement of a full and fair opportunity to contest requires that the plaintiff "was fully able to raise the same factual or legal issues" in the prior litigation as asserted in the present case. LaFleur v.

Whitman, 300 F.3d 256, 274 (2d Cir. 2002).

In this case, the state court has established that Douglas voluntarily and intelligently pled guilty to the charge of attempted assault in the second degree stemming from the same events which gave rise to this action.  See Douglas, 831 N.Y.S.2d at 586-87; Docket No. 68-6 at 10.  Specifically, Douglas pled guilty to intentionally interfering with Rae's ability to perform his lawful duties and attempting to assault him, as opposed to Douglas' current contentions that Douglas did not instigate the altercation and was only acting in self-defense.  Thus, the guilty plea constituted a final determination on the merits of the case.

> This leaves the question of whether a defendant who pleads guilty to a crime, in lieu of trial, has had a full and fair opportunity to litigate . . . [to which n]umerous courts have answered in the affirmative, holding that a defendant is not denied the chance to contest issues in a criminal proceeding merely because he pleds guilty, so long as the plea was voluntary and intelligent.

Downing v. King, No. 06-CV-363 (GLS/RFT), 2007 WL 4191765, at *2 (N.D.N.Y. Nov. 26, 2007) (internal citations and quotations omitted).  Therefore, Douglas has also had a full and fair opportunity to contest the decision, despite the lack of a trial in light of his voluntary and intelligent guilty plea.

Accordingly, in the alternative defendants' motion for summary judgment should be granted on this ground.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion for summary judgment as to defendant Rae (Docket No. 68) be **GRANTED** in all respects and that judgment be entered in favor of Rae on all remaining claims against him.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 23, 2009
       Albany, New York

*David R. Homer*
United States Magistrate Judge