UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ELLIS DOUGLAS,

                          Plaintiff,

                                                    9:05-CV-1000
v.                                                  (GTS/DRH)

JOSEPH T. SMITH, Superintendent, Shawangunk
Correctional Facility; J. RAE, Sergeant; M. KETZER,
Corr. Officer; R. CROSS, Corr. Officer;
G. KARASMANOS, Corr. Officer; M. SUTTON,
Corr. Officer; McGUIRE,  Corr. Officer; and
R.N. SKIES, Nurse,

                          Defendants.
_____

APPEARANCES:                                OF COUNSEL:

ELLIS DOUGLAS, 97-A-3334
    Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, NY  14871

LAW OFFICES OF GREGORY J. TERESI          GREGORY J. TERESI, ESQ.
    Trial Counsel for Plaintiff
The Wilem Van Zandt Building
36 South Pearl Street
Albany, NY  12207

HON. ANDREW M. CUOMO                        MICHAEL G. McCARTIN, ESQ.
Attorney General for the State of New York   Assistant Attorney General
    Counsel for Defendants
The Capitol
Albany, NY  12224


HON. GLENN T. SUDDABY, United States District Judge

## <u>MEMORANDUM-DECISION and ORDER</u>

On August 8, 2005, Ellis Douglas ("Plaintiff") filed this *pro se* prisoner civil rights action

pursuant to 42 U.S.C. § 1983, against nine employees of the New York State Department of

Correctional Services ("Defendants"), alleging that they violated his constitutional rights under

the First, Fourth, Eighth and Fourteenth Amendments.  (Dkt. No. 1.)  On February 14, 2008,

Senior U.S. District Judge Lawrence E. Kahn granted in part, and denied in part, Defendants'

first motion for summary judgment.  In so doing, he dismissed certain of Plaintiff's claims,

including all claims against three of the nine Defendants–namely, Correctional Officer R.

Davies, Superintendent Joseph T. Smith and Nurse Skies.  (Dkt. No. 54, at 2, adopting Dkt. No.

53, at 21-23, 29-31.)[1]  Remaining in the action after Judge Kahn's Decision and Order were only

Plaintiff's Eighth Amendment excessive force claim against six Defendants, including J. Rae.

Currently before the Court are (1) Defendant Rae's second motion for summary judgment

(Dkt No. 68), and (2) United States Magistrate Judge David R. Homer's Report-

Recommendation that Defendant Rae's motion be granted (Dkt. No. 81).  Plaintiff has filed,

through counsel, timely Objections to the Report-Recommendation.  (Dkt. Nos. 82-85.)  For the

reasons set forth below, the Report-Recommendation is adopted and accepted in its entirety,

Defendant Rae's second motion for summary judgment is granted, and Plaintiff's claims against

Defendant Rae are dismissed.

---

[1]     As of the date of this Decision and Order, the docket sheet still indicates that
Superintendent Smith and Nurse Skies are parties to this action.  As a result, the Clerk of the
Court is directed to amend the docket sheet to indicate that Plaintiff's claims against
Superintendent Smith and Nurse Skies were terminated on February 14, 2008.

## I.    STANDARD OF REVIEW

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Edition. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

---

[2]      On *de novo* review, "[t]he judge may . . . receive further evidence . . . ."  28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[3]      *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

## II.    LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the
discovery and disclosure materials on file, and any affidavits show that there is no genuine issue
as to any material fact and that the moving party is entitled to a judgment as a matter of law."
Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court
must resolve all ambiguities and draw all reasonable inferences against the moving party.
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party]
bears the initial responsibility of informing the district court of the basis for its motion, and
identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any
genuine issue of material fact."  *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  This burden
has appropriately been characterized as "modest."[4]  When the moving party has met this initial
responsibility, the nonmoving party must come forward with "specific facts showing a genuine
issue [of material fact] for trial."  Fed. R. Civ. P. 56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury
could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  As a result,
"[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine
issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see
also* Fed. R. Civ. P. 56(e)(2).  As the Supreme Court has famously explained, "[The nonmoving

---

[4]        *See, e.g., Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y.
Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a
motion for summary judgment as "modest") [citation omitted]; *accord, Saunders v. Ricks*, 03-
CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-
Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-CV-0480, 2006 WL 1133247, at *17 &
n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.).

party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted].  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving party fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[5]  (This is because the Court extends special solicitude to the *pro se* litigant largely by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[6]  As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's

---

[5]      *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[6]      *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept. 18, 2006); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a *pro se* plaintiff who has not been given any notice that failure to respond will be deemed a default.") [citations omitted].

procedural rules.[7]  For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has failed to properly respond to that statement[8]–even where the nonmoving party was proceeding *pro se* in a civil rights case.[9]

---

[7]       *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a *pro se* litigant]."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . .  not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . .  This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

[8]       Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[9]       *See*, *e.g.*, *Hassig v. N.Y.S. Dep't of Environmental Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S. App. LEXIS 21432; *Harvey v. Morabito*, 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3 (N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3;

III.    RELEVANT BACKGROUND

On July 3, 2008, Defendant Rae filed his second motion for summary judgment.  (Dkt.

No. 68.)  In his motion papers, Defendant Rae gave Plaintiff sufficient notice of the

consequences of failing to properly oppose his motion.  (Dkt. No. 68, Part 1.)  Moreover, in

Defendant Rae's *first* motion for summary judgment, he gave Plaintiff a similar notice, and

attached the Northern District's form "Notification of the Consequences of Failing to Respond to

a Summary Judgment Motion."  (Dkt. No. 41, Part 1.)  Plaintiff's response to Defendant Rae's

second motion for summary judgment was due on July 29, 2008.  (*See* Docket Entry for 7/3/08.)

On July 10, 2008, Attorney Gregory J. Teresi (who had been appointed Plaintiff's trial

counsel on March 12, 2008), sent Plaintiff a letter, advising him that he was Plaintiff's counsel

only for purposes of trial.  (Dkt. No. 69;  *see also* Dkt. No. 56, at 1 & n.1.)  In the letter, Attorney

Teresi specifically advised Plaintiff, "[I]t is still your responsibility to respond to [Defendant

Rae's second motion for summary judgment] if you so choose unless Judge Kahn issues an Order

. . . [expanding the scope of] my assistance [to you]."  (Dkt. No. 69.)  Later that month, on July

28, 2008, Attorney Teresi sent Judge Kahn a letter regarding a pre-trial motion, at the end of

which he requested, on Plaintiff's behalf, an extension of the deadline by which Plaintiff had to

respond to Defendant Rae's second motion for summary judgment.  (Dkt. No. 72.)

---

*Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles,
M.J.), *adopted by* 03-CV-0455*, 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.);
*Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3
(N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2
(N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86
& n.1 (N.D.N.Y. 1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at
*1, n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc*., 96-
CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.); *see also Monahan
v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in *pro se* civil rights
case, district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its
business").

It does not appear that the request for an extension was ever decided. (*See generally* Docket Sheet.) Rather, it appears from the Court's internal notes that, on September 15, 2008, Attorney Teresi was contacted by Magistrate Judge Homer's Chambers regarding the possibility of his filing a response, on behalf of Plaintiff, to Defendant Rae's second motion for partial summary judgment. During that conversation, it appears that Attorney Teresi advised Judge Homer's Chambers of the following: (1) a telephone conference between Attorney Teresi and Plaintiff was scheduled for September 29, 2008, during which Plaintiff was expected to confirm his intent to withdraw the claim against Defendant Rae, which was at issue in Defendant Rae's second motion for summary judgment; and (2) after that telephone conference on September 29, 2008, Attorney Teresi would contact Judge Homer's Chambers to advise Judge Homer whether Plaintiff has confirmed his intent to withdraw the claim (in which case Defendant Rae's motion would be moot), or whether the claim would go forward (in which case, Attorney Teresi would file a response to the motion). The Court's notes also reflect that, in the event the claim would go forward, a response date would be set by the Court.

The docket sheet reflects no further communication from either Plaintiff or Attorney Teresi for the next three months (except a change-of-address notice filed by Plaintiff). (*See* Docket Sheet.) As a result, on January 26, 2009, Magistrate Judge Homer issued his Report-Recommendation on Defendant Rae's second motion for summary judgment. (Dkt. No. 81.)[10] In that Report-Recommendation, Judge Homer expressly and repeatedly found that Plaintiff had not opposed the motion. (*Id*. at 2 & n.3.)

On February 2, 2009, Attorney Teresi filed, on Plaintiff's behalf, Objections to the

---

[10]     Familiarity with the findings and recommendations of Magistrate Judge David R. Homer's Report-Recommendation is assumed, and thus shall not be repeated in this Decision and Order. Only those facts necessary to the discussion shall be set forth herein.

Report-Recommendation.  (Dkt. No. 82.)  Generally, in his Objections, Plaintiff argues that

Defendant Rae's motion should be denied for three alternative reasons: (1) Defendant Rae's

faulty Rule 7.1 Statement precludes him from meeting his threshold burden in support of that

motion; (2) neither the "favorable termination" rule nor the doctrine of collateral estoppel

preclude Plaintiff's claim against Defendant Rae; and (3) Plaintiff has adduced admissible record

evidence that his Eighth Amendment excessive force claim against Defendant Rae arises from

Defendant Rae's use of force after Plaintiff was placed in handcuffs, and Defendant has not

adduced any admissible record evidence controverting that fact.  (*Id*; *see also* Dkt. Nos. 83-85.)

In addition, Plaintiff argues that, under the circumstances, the Court should consider Attorney

Teresi's Rule 7.1 Response, Opposition Memorandum of Law, and Attorney Declaration and

Exhibits.  (*Id*.)

## IV.   ANALYSIS

When Magistrate Judge Homer prepared his Report-Recommendation on Defendant

Rae's second motion for summary judgment, he was considering an unopposed motion.  As a

result, assuming that Plaintiff had received adequate notice of the consequences of failing to

properly oppose Defendant Rae's second motion for summary judgment,[11] all that Defendant Rae

---

[11]

The Court finds that such notice was provided, for the reasons stated above in Part III of this Decision and Order.  The Court would add only two points.  First, before the filing of Defendant Rae's second motion, Plaintiff had acquired at least some experience responding to a motion for summary judgment, namely, through his response to Defendants' first motion for summary judgment.  (Dkt. No. 49.)  Second, to assist *pro se* litigants, the Clerk of the Court for the Northern District of New York has provided to all correctional facilities in New York State, including Plaintiff's correctional facility at the time in question, copies of the Northern District's Local Rules of Practice and the Northern District's *Pro Se* Handbook.  These things also gave Plaintiff notice of the consequences of failing to respond to Defendant Rae's motion.  *See also* N.D.N.Y. L.R. 7.1(a)(3). U.S. District Court for the Northern District of New York, *Pro Se* Handbook, at 16, 41, http://www.nynd.uscourts.gov/documents/ProSeHandbook2008.pdf.

needed to do to succeed on his motion was "demonstrate entitlement" to the relief requested.[12]

An inquiry into whether a movant has met its "burden to demonstrate entitlement" to the relief

requested under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested

motion.[13]   This is because, as a practical matter, the burden requires only that the movant present

an argument that is "facially meritorious."[14]   After conducting a *de novo* review of Magistrate

Judge Homer's Report-Recommendation, the Court concludes that Judge Homer correctly found

that Defendant Rae had met his lightened burden on his unopposed motion.

---

[12]     "Where a properly filed motion is unopposed and the Court determines that the
moving party has met its burden to demonstrate entitlement to the relief requested therein, the
non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as
consent to the granting or denial of the motion, as the case may be, unless good cause be shown."
N.D.N.Y. L.R. 7.1(b)(3).

[13]     *See, supra*, note 4 of this Decision and Order [citing cases]; *see also Race Safe
Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.)
(reviewing merely whether record contradicted defendant's arguments, and whether record
supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule
7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug.
29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal
because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in
defendants' motion papers)*, adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14,
1997) (Pooler, J.); *accord, Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist.
LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595
(N.D.N.Y. 1996) (Pooler, J.).

[14]     *See, e.g., Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8
(N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under
Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially
meritorious*") [emphasis added; citations omitted]; *accord, Topliff v. Wal-Mart Stores East LP*,
04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe,
M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2
(N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS
26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist.
LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S.
Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S.
Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

The Court rejects Plaintiff's argument that (purported) defects in Defendant Rae's Rule 7.1 Statement preclude him from meeting his threshold burden in support of his motion.  As required by Local Rule 7.1(a)(3), Defendant Rae's Rule 7.1 Statement set forth, in eight (8) numbered paragraphs, each material fact about which Defendant Rae contended there exists no genuine issue, and supported each factual assertion with a specific citation to the record where the fact was established.  (Dkt. No. 68, Part 9.)  In his Objections, Plaintiff does not contest these facts.  (Dkt. No. 83, ¶ 1 [Plf.'s Proposed Rule 7.1 Response, admitting the facts in question].)  Rather, he contends that the facts were not "complete," as required by Local Rule 7.1(a)(3).  (Dkt. No. 82, at 1; Dkt. No. 84, at 2-3.)  Specifically, he argues that Defendant Rae "blatant[ly]" and "plainly ignored" the fact that the "barrage of kicks" that Defendant Rae allegedly inflicted on Plaintiff were inflicted–not *before* Plaintiff was handcuffed (as is assumed in Defendant Rae's Rule 7.1 Statement), but *after* Plaintiff was handcuffed.  (Dkt. No. 83, ¶ 2; Dkt. No. 84, at 5.)

The Court finds that Defendant Rae's Rule 7.1 Statement was sufficiently "complete" in order for him to meet his modest threshold burden under Local Rule 7.1(a)(3).  Defendant Rae addressed what he asserts to be Plaintiff's version of the incident, in Paragraph 3 of his Rule 7.1 Statement.  Plaintiff may disagree with whether that account is accurate.  However, that disagreement does not render the Rule 7.1 Statement "incomplete" for purposes of Local Rule 7.1(a)(3).

Furthermore, it should be emphasized that, when Defendant Rae implied in Paragraph 3 of his Rule 7.1 Statement that the "barrage of kicks" were inflicted before Plaintiff was handcuffed, Defendant Rae was merely quoting from Paragraph 17 of Plaintiff's own Complaint.  (Dkt. No. 68, Part 9, ¶ 3.)  Paragraph 17 of Plaintiff's Complaint, which is verified, contains Plaintiff's sworn assertions regarding when the "barrage of kicks" were inflicted.  (Dkt. No. 1, ¶

17.)  Moreover, Paragraph 18 of Plaintiff's Complaint starts with the words, "Officer Cross then jumped on Douglas['] back as Ketzer tightly cuffed Douglas['] wrist."  (*Id.* at ¶ 18.)  As a result, Plaintiff's own Complaint swears that the "barrage of kicks" were inflicted *before* the handcuffing of Plaintiff.  This sworn assertion is implicitly echoed in Paragraph 28 of Plaintiff's Complaint, which refers to the handcuffing after referring to the kicking.  (*Id.* at ¶ 28.)  Simply stated, under the circumstances, Defendant Rae did not have a duty to cite Plaintiff's deposition transcript in order to render his Rule 7.1 Statement "complete" for purposes of Local Rule 7.1(a)(3).[15]

Turning to Plaintiff's arguments regarding the "favorable termination" rule and the doctrine of collateral estoppel, the success of both of these arguments depends on the Court's willingness to (1) accept as timely Plaintiff's Rule 7.1 Response, and (2) permit the expansion of the record before the Court to include Plaintiff's deposition transcript.  (Dkt. No. 84, at 3-5.) Plainly stated, those two things are the vehicles by which Plaintiff attempts to bring before the Court evidence that Plaintiff continued to be kicked by Defendant Rae *after* he was handcuffed. (*Id.*)

As an initial matter, the Court declines–at this late stage of its decision of Defendant Rae's motion–to accept as timely Plaintiff's Rule 7.1 Response, and permit the expansion of the

---

[15]     While this fact is by no means dispositive, it bears noting that a cursory review of Plaintiff's deposition transcript reveals that it contains conflicting testimony as to when Plaintiff experienced the "barrage of kicks" from Defendant Rae (i.e., before, during, and/or after handcuffing), and it indicates that Plaintiff continued to resist even after being handcuffed.  (*See generally* Dkt. No. 85, Part 2.)

record before the Court to include Plaintiff's deposition transcript.[16]  Plaintiff should have

presented these materials to Magistrate Judge Homer for his review and consideration.  Plaintiff

does not argue that his deposition transcript was not previously available to him during the time

period in which he had to respond to Defendant Rae's motion, nor does he proffer any

justification (reasonable or otherwise) for his failure to present it (along with his Rule 7.1

Response) to Judge Homer.  (Dkt. Nos. 82-85.)[17]  To permit Plaintiff to introduce these materials

now, without sufficient justification, would undermine the purpose (and work) of magistrate

judges, encourage neglectful behavior by non-movants, and deprive Defendant Rae of an

opportunity to reply to the evidence.[18]

---

[16]    Because the Court declines to consider Plaintiff's deposition testimony, the Court
need not, and does not, reach the issue of whether the deposition testimony in question is so
unsubstantiated by the other record evidence, and so replete with inconsistencies and
improbabilities, that it may be deemed incredible, under *Jeffreys v. City of New York*, 426 F.3d
549, 554 (2d Cir. 2005).

[17]    The closest Plaintiff comes to arguing that good cause exists to permit the
introduction of Plaintiff's Rule 7.1 Response and deposition transcript during his Objection is
when he argues that he has provided that Rule 7.1 Response and deposition now.  (Dkt. No. 82,
at 1.)  Of course, the mere fact that a Rule 7.1 Response and deposition transcript are offered
during an objection to a report-recommendation does not constitute any sort of justification for
not offering those things before the issuance of the report-recommendation.

[18]    *See*, *supra*, note 2 of this Decision and Order [citing cases]; *see also Greenhow v.
Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to
litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and
present a different theory to the district court would frustrate the purpose of the Magistrates
Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Murr v.
U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the
magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)
("Issues raised for the first time in objections to the magistrate judge's recommendations are
deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By
waiting until after the magistrate judge had issued its findings and recommendations [to raise its
procedural default argument] . . . Respondent has waived procedural default . . . objection[].")
[citations omitted]; *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985,

In any event, even assuming that the Court were to inclined to consider Plaintiff's deposition testimony at this late stage of deciding Defendant Rae's motion (which, again, it is not inclined to do), the Court would find that deposition testimony insufficient to create a genuine issue of material fact.  In his motion papers, Defendant Rae met his modest threshold burden of showing that Plaintiff's conviction precludes his excessive force claim against Defendant Rae (because of the "favorable termination" rule and/or the doctrine of collateral estoppel).  As a result, the burden shifted to Plaintiff to adduce admissible record evidence from which a rational fact-finder could conclude that his criminal conviction for attempted assault in the second degree on June 30, 2004, did *not* preclude his excessive force claim (because that conviction did *not* resolve, to his detriment, his claim that Defendant Rae kicked him after he was handcuffed).  Even with the benefit of his deposition transcript, Plaintiff would fail to meet this burden.  (*See generally* Dkt. Nos. 82-85.)

The plea allocution between the Court and Plaintiff states that, "by pleading guilty to the reduced charge of attempted assault in the second degree, you are admitting that . . . on or about the 30th day of June, 2004, with intent to prevent a [peace] officer from performing a lawful duty, you attempted to cause physical injury to that peace officer, that being Sergeant John Rae of the Shawangunk Correctional Facility."  (Dkt. No. 68, Part 6, at 5-7 [attaching pages "4" to "6" of Plaintiff's plea allocution].)  In the portion of the deposition transcript adduced by Plaintiff during his Objection, there is no testimony that Plaintiff's conviction did not partially arise out

---

990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted]; *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18, n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted].

of, or resolve the lawfulness of, Defendant Rae's alleged kicking Plaintiff after he was handcuffed, and while he was on the ground continuing to resist arrest.[19]

       For all of these reasons, the Court rejects Plaintiff's arguments.

       **ACCORDINGLY**, it is

       **ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 81) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

       **ORDERED** that Defendant Rae's second motion for summary judgment (Dkt. No. 68) is **GRANTED**, and that judgment be entered in favor of Defendant Rae as to all claims against him; and it is further

       **ORDERED** that the Clerk of the Court shall amend the docket sheet to indicate that Plaintiff's claims against Superintendent Smith and Nurse Skies were terminated on February 14, 2008.

Dated: March 20, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

[19]    It should be noted that, in his deposition, Plaintiff testified that he continued to resist even as, and after, he was being handcuffed (and as he was allegedly being kicked by Defendant Rae); in short, Plaintiff was handcuffed but not subdued. (Dkt. No. 85, Part 2, at 6, 13, 17, 22, 23, 24 [attaching pages "45," "52," "53," "62," "63" and "64" of Plaintiff's deposition transcript, stating, "Yeah, I struggled to get out [of Officer Ketzer's bear hug] . . . . I[] [was on my stomach] trying to get up [when Officer Ketzer was on top of me on the floor] . . . . I[] [was] resisting while [Officer Ketzer was trying to put the cuffs on and] Sergeant Rae [was] kicking me in my face . . . . I'm on the floor trying to get up with Ketzer on my back and Sergeant Rae kicking me in my face . . . . Now that they got the cuffs on me, I'm still on the floor. They [are] holding me down, but he's still kicking me. . . . [Officer] Cross is on my lower legs, holding my legs. That way I can't get up."].)